UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ERIC and ANNETTE BARKER,                                                No. 11-11695

                         Debtor(s).
_____/

KNIBB ENTERPRISES, LLC,

                         Plaintiff(s),

    v.                                                                       A.P. No. 12-1021

ERIC and ANNETTE BARKER.

                         Defendant(s).
_____/

Memorandum After Trial
_____

    On October 19, 2007, Chapter 7 debtors and defendants Eric and Annette Barker leased the commercial premises at 6101 Redwood Drive, Rohnert Park, California, from plaintiff Knibb Enterprises, LLC. The Barkers paid for $125,000.00 in tenant improvements and opened a business on the property known as Gourmade Cookery. The business failed in late 2010, and in May of 2011 Knibb obtained a judgment for unpaid rent in the amount of $50,651 against the Barkers. In this adversary proceeding, Knibb alleges that it was induced to enter into the lease due to a false financial

1

statement so that its judgment is nondischargeable pursuant to § 523(a)(2)(B).

The court begins by noting that Knibb has failed to show that a single item on the financial statement is false. In fact, it appears to be conservative. The Barkers had a sound basis for each and every value they stated for their assets, including the values they placed on their real property and their corporation. The values for the real property were based on sound, detailed professional appraisals with a reasonable amount added for increasing property values. The corporation owned and operated three Domino's Pizza franchises. The Barkers based their value for the corporation on commonly known values in the trade for the franchises, and the overall value was accurate.

Knibb argues that in computing the value of the corporation the Barkers failed to consider its debt. However, most of the items Knibb asserts are unconsidered debt of the corporation were items for which the Barkers were personally liable and were listed on the financial statement as personal liabilities. At most (and the court does not so find) perhaps $140,000.00 in debt was not considered, making the corporation worth at least $660,000.00 instead of the $800,000.00 valuation of the Barkers. This would mean that the Barkers' net worth was only $1.7 million at the time rather than the $1.84 million represented in the financial statement. The court would not find this material even if it had been proven.

Knibb did not establish that it relied on the alleged misrepresentations. When asked if he would have entered into the lease if he knew the "truth," Knibb's representative equivocated. To the extent his testimony is considered to be evidence of reliance, the court does not believe it. The Barkers were clearly desirable tenants and were willing and able to pay $125,000.00 in tenant improvements. The court does not believe that Knibb would have rejected the lease if it thought the Barkers' net worth was only $1.7 million instead of $1.84 million.

Absolutely nothing in the testimony or demeanor of the Barkers caused the court to even suspect them of ever having any intent to deceive Knibb. The court finds their conduct toward Knibb was frank and honest.

To summarize, Knibb has not proven a single element of nondischargeability under §

523(a)(2)(B). It will therefore take nothing by its complaint. The Barkers shall recover their costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for the Barkers shall submit an appropriate form of judgment forthwith.

Dated: October 2, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge